UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES, | |
|---|---|
| Plaintiff, | Case No. 4:14-cr-00251-BLW |
| v. | MEMORANDUM DECISION AND ORDER |
| DOMINICK ADRIAN ZAZWETA, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is a letter from Defendant Dominick Zazweta, requesting that the Court assist him with determining when he will be released from federal prison. (Dkt. 57). The Court cannot assist defendant with this task and will therefore deny the request.

**BACKGROUND**

On December 8, 2015, this Court sentenced Zazweta to 63 months imprisonment. *See Judgment,* Dkt. 53, at 2. The Judgment states that "[t]he term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket Number CR-2015-10605, in the Sixth Judicial District Court, in Pocatello, Idaho." *Id.* Defendant reports that he is currently serving his state sentence in an Idaho state facility and says he has been unable to determine his release date. He wants to know when he will be released, and whether he will qualify for "good time credit." *See Jan. 2, 2018 Letter,* Dkt. 57. He asks the Court to assist him in getting this information.

The Court will deny this motion because federal courts are not involved in calculating release dates or good time credits. The Attorney General of the United States is responsible for computing federal sentences, and he has delegated this responsibility to the Federal Bureau of Prisons (BOP). *See United States v. Wilson*, 503 U.S. 329, 331-35 (1992); 28 C.F.R. § 0.96 (2010). Additionally, the Attorney General, though the BOP, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Id.*; 18 U.S.C. § 3585(b).

The BOP also designates the place of imprisonment, 18 U.S.C. § 3621(b), and if it chooses to do so in this case, it could retroactively designate a state institution for service of a federal sentence, which would have the effect of crediting Mr. Zazweta for time served in the state institution. Given that this Court expressly ordered Mr. Zazweta's federal sentence to run concurrently with the state sentence, this Court anticipates such a designation in this case. But, as already noted, this Court does not have the authority to execute or compute federal sentences, and will therefore deny the pending motion.

More generally, when Mr. Zazweta learns of his anticipated release date from federal prison, if he disagrees with the computation of his sentence, he would ordinarily need to seek relief by filing a petition for habeas corpus under 28 U.S.C. § 2241 – after exhausting his administrative remedies. Further, the writ of habeas corpus under § 2241 "can only issue from a court with jurisdiction over the prisoner or his custodian." *U.S. v. Giddings*, 7840 F.2d 770, 772 (9th Cir. 1984).

## ORDER

**IT IS ORDERED that** Defendant's letter request (Dkt. 57) is **DENIED.**

DATED: April 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge